IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

*United States v. George Moises Romero, Jr.*
Case No. 4:24-cr-00019-TMB-SAO

By: THE HONORABLE TIMOTHY M. BURGESS

PROCEEDINGS: ORDER FROM CHAMBERS

The matter comes before the Court on Defendant George Moises Romero's Appeal from the Magistrate Judge's Order of Detention ("Appeal").[1] Romero requests to be released so he may "investigate his case, acquire funds to retain [the attorney of his choice], and not be punished prejudicially."[2] For the reasons discussed below, Romero's Appeal is **DENIED** and the Magistrate Judge's decision is **AFFIRMED**.

Romero is charged with one count of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2), one count of being a felon in possession of body armor in violation of 18 U.S.C. §§ 931(a)(1) and 924(a)(7), and a criminal forfeiture allegation.[3] On December 5, 2024, after a lengthy detention hearing, Magistrate Judge Oravec denied Romero's bail request and ordered his detention pending trial.[4] Judge Oravec issued the detention order after finding that no condition or combination of conditions could adequately assure Romero's appearance or the safety of the community because of the weight of the evidence against Romero, the possibility of a "lengthy period of incarceration if convicted", Romero's prior criminal history, his "participation in criminal activity while on supervision," his history of "violence or use of weapons," his "lack of stable residence," and his prior violations of the terms of supervision.[5]

The Court reviews *de novo* a Magistrate Judge's detention order.[6] Title 18 U.S.C. § 3142(f) provides that the judicial officer must hold a hearing to determine whether any condition or combination of conditions will reasonably assure the appearance of a defendant or the safety of any other person and the community.[7] To make its finding, the Court considers the factors listed in § 3142(g), including: (1) "the nature and circumstances of the offense charged," (2) "the weight of the evidence against the person," (3) "the history and characteristics of the person," and (4) "the nature and seriousness of the danger to any person or the community that would be posed by the person's release." To order pretrial detention, the Government must show by a preponderance of the evidence that the defendant poses a flight risk or must show by clear and convincing evidence

---

[1] Dkt. 49 (Appeal).
[2] *Id.* at 9.
[3] Dkt. 2 (Indictment).
[4] Dkt. 28 (Minute Entry for Detention Hearing); Dkt. 31 (Order of Detention).
[5] Dkt. 31 at 3.
[6] 18 U.S.C. § 3145(c); *United States v. Koenig*, 912 F.2d 1190, 1191–92 (9th Cir. 1990).
[7] 18 U.S.C. § 3142(f)(1).

1

that the defendant poses a danger to the community.[8] "Any doubts regarding the propriety of pretrial release are to be resolved in favor of the defendant."[9]

The Court has independently reviewed the record including Romero's Appeal at Docket 49; the Pre-Trial Services Report at Docket 8; the Detention Hearing before Magistrate Judge Oravec on December 5, 2024; and the Detention Order at Docket 31. As a preliminary matter, the Court notes that Romero's Appeal contains lengthy argument as to the legality of his State of Alaska detention, an issue over which this Court has no jurisdiction.[10] Applying the § 3142(g) factors, the Court finds that the Government has met its burden to show that Romero is both a risk of flight and a danger to the community.

1. <u>Romero poses a risk of non-appearance</u>.

Romero is charged with illegal firearm possession, a serious offense that carries the potential for a lengthy term of incarceration.[11] The Court finds that the Government has met its burden to show by a preponderance of the evidence that Romero poses a risk of non-appearance. Specifically, the Court finds that Romero's behavior during his arrest by Alaska State Troopers on June 6, 2024, namely appearing to attempt to evade arrest by entering a wooded area carrying multiple firearms and wearing body armor, indicates his intent to evade prosecution. While the Court notes that Romero complied with Alaska State Trooper commands once the Troopers made contact, Romero provided no evidence at the detention hearing to contradict the Government's characterization of his activities on June 6, 2024. Thus, the preponderance of the evidence shows that Romero poses a risk of non-appearance.

2. <u>Romero poses a danger to the community</u>.

The Government has also met its burden to show by clear and convincing evidence that Romero poses a danger to the community. While being a felon in possession of a firearm is in and of itself not considered a crime of violence,[12] the nature and circumstances of the offense and Romero's criminal history lead this Court to find that Romero poses a danger to the community. The conduct underlying the present offense involved Romero carrying three handguns and ammunition into a wooded area while wearing body armor. The nature and circumstances of this conduct, as demonstrated by the evidence presented at the Detention Hearing, suggest Romero planned to engage in some dangerous activity, possibly a standoff with the Alaska State Troopers. Further, Romero has a violent criminal history that includes a felony conviction for Murder in the Second Degree.[13] Romero has failed to provide any evidence or persuasive argument to assuage the Court's concern for his history of violence, particularly with respect to his alleged possession of multiple firearms and body armor. Therefore, the Court finds that Romero poses a danger to the community which justifies his continued detention.

---

[8] 18 U.S.C. § 3142(f)(2); *United States v. Santos-Flores*, 794 F.3d 1088, 1090 (9th Cir. 2015).
[9] *United States v. Diaz-Hernandez*, 943 F.3d 1196, 1198 (9th Cir. 2019) (internal citations omitted).
[10] U.S. CONST. art. III, § 2.
[11] Dkt. 2.
[12] *United States v. Sahakian*, 965 F.2d 740, 742 (9th Cir. 1992).
[13] Dkt. 8 (Sealed Pretrial Services Report) at 4.

3. <u>No Conditions or Combination of Conditions Will Mitigate the Risks</u>.

The Court is particularly concerned that the offense conduct occurred while Romero was under state supervision.[14] Based on Romero's conduct while on State of Alaska supervision, the Court finds Romero is not disposed to comply with conditions of supervision. The Court finds that no conditions or combination of conditions could mitigate either the risk of non-appearance or the danger to the community.[15]

Since the Government has met its burden to show that Romero is both a risk of flight as well as a danger to the community, the Appeal at Docket 49 is **DENIED** and the Magistrate Judge's Order at Docket 31 is **AFFIRMED**.

Entered at the direction of the Honorable Timothy M. Burgess, United States District Judge.

DATE: December 23, 2024.

---

[14] *See* Dkt. 8 at 4.
[15] 18 U.S.C. § 3142(e)(1).