IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

*United States of America v. George Moises Romero, Jr.*
Case No. 4:24-cr-00019-TMB-SAO-1

By: THE HONORABLE TIMOTHY M. BURGESS

PROCEEDINGS: ORDER FROM CHAMBERS

This matter comes before the Court on the Final Report and Recommendation ("R&R") of the Magistrate Judge,[1] recommending the Court deny without prejudice Defendant George Moises Romero, Jr.'s Pro Se Motion to Dismiss for Speedy Trial Violation at Docket 11 ("the Motion"). Romero objected to portions of the R&R.[2] The United States did not respond to Romero's objections.[3] Pursuant to the statute, the Court has conducted a *de novo* review,[4] and for the reasons discussed below, the Court **ACCEPTS and ADOPTS** the R&R at Docket 43. Accordingly, the Motion at Docket 11 is **DENIED WITHOUT PREJUDICE**.

   *A. Background*

On November 20, 2024, Romero was indicted on one count of being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8) and one count of being a violent felon in possession body armor in violation of 18 U.S.C. §§ 931(a)(1) and 924(a)(7).[5] Less than one week later, on November 26, 2024, Romero was arraigned on the indictment by the Magistrate Judge.[6] Romero pled not guilty to the charges.[7] Romero also asserted before the Magistrate Judge that he did not waive his speedy trial right, and dates for a Trial by Jury were set for January 2025.[8]

Before Romero was indicted in federal court, he was charged and arrested in State of Alaska criminal case 4FA-24-01067CR for being a felon in possession of a firearm in violation of

---

[1] Dkt. 43 (Final Report and Recommendation).
[2] Dkt. 48 (Defense's Written Objection).
[3] Dkt. (absence).
[4] 28 U.S.C. § 636(b)(1)(C) ("Within fourteen days after being served with a copy [of the magistrate judge's proposed findings and recommendations], any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.").
[5] Dkt. 2 (Indictment).
[6] Dkt. 9 (Minute Entry for Proceedings on November 26, 2024).
[7] *Id.*
[8] *Id.* Trial was originally set to begin on January 27, 2025. *Id.* That date was later vacated, and trial was reset for January 13, 2025. Dkt. 27 (Minute Entry for Proceedings on December 5, 2024).

1

AS § 11.61.200(a)(1).[9] Romero was confined by the State from his arrest in June 2024 until he was arraigned on federal charges.[10] Romero's State prosecution was dismissed on December 5, 2024.[11]

Romero has been in federal confinement since November 26, 2024.[12]

On November 26, 2024, Romero filed a Motion to Dismiss for Speedy Trial Violation before the Magistrate Judge.[13] He argues the basis for his state law charge was preempted by federal law, and that he "moved to defer prosecution to the Federal Courts in late June, early July."[14] He asserts that "the Government" failed to prosecute in a speedy manner and the federal prosecution is "duplicitous" of his state prosecution.[15] Therefore, he argues that his right to speedy trial has been violated and his case should be dismissed.[16]

The Government opposed Romero's Motion, arguing that Romero misapplies 18 U.S.C. §1441, the statute governing removal of civil actions from state court to federal court; that the 70-day deadline for commencement of trial has not passed; and that pretrial detention in this case has not caused a due process violation.[17]

1. Report and Recommendation

The Magistrate Judge filed his R&R on December 12, 2024, recommending that the Motion should be denied without prejudice.[18] In the R&R, the Magistrate Judge addresses Romero's speedy trial argument under both the Speedy Trial Act and the Sixth Amendment.[19] He concludes that the 70-day deadline, established in the Speedy Trial Act, has not passed.[20] He explains that the Act starts the clock either at indictment or at the defendant's appearance in the Court in which the charge is pending.[21] Because Romero was arraigned in federal court on November 26, 2024, the speedy trial deadline will not have passed by the commencement of his trial on January 13, 2025.[22]

---

[9] Dkt. 8 (Pretrial Services Report) at 4.
[10] Dkt. 7 (Warrant Returned Executed on November 26, 2024); *see also* Dkt. 8 at 2 (stating Romero has been in federal custody on this matter since November 22, 2024).
[11] *State v. George Moises Romero Jr.,* 4FA-24-01067CR (Alaska Dec. 5, 2024) (CourtView).
[12] Dkt. 7; Dkt. 31 (Order of Detention Pending Hearing or Trial).
[13] Dkt. 11 (Defense's Motion to Dismiss for Speedy Trial Violation).
[14] *Id.* at 2.
[15] *Id.*
[16] *Id.* at 3.
[17] Dkt. 19 (Government's Opposition) at 2–4.
[18] Dkt. 43 at 6.
[19] *Id.* at 3.
[20] *Id.*
[21] *Id.*
[22] *Id.*

Turning to the Sixth Amendment, the Magistrate Judge concludes that Romero's pretrial detention has not presented a due process violation.[23] He explains that the right to speedy trial under the Sixth Amendment attaches when criminal proceedings are initiated, "including when the defendant is indicted."[24] The Magistrate Judge then applies the four factors of speedy trial analysis and determines that Romero will be in federal confinement for 54 days between his indictment and the beginning of trial which is not a presumptively prejudicial period of time.[25] Finally, the Magistrate Judge concludes that federal preemption is not at issue here because state and federal governments prosecute crimes as separate sovereigns and therefore a "federal prosecution may follow a state prosecution for the same acts."[26]

2. Objections to the R&R

On December 13, 2024, Romero filed an objection to the Magistrate Judge's Final R&R.[27] He again argues that federal law preempts state law in this area so his "right to speedy trial was engaged" at the time he was arrested by the State.[28] He asserts that the FBI conspired with the State of Alaska to "circumvent[]" the 70-day speedy trial window and requests an evidentiary hearing to prove the same.[29]

*B. Legal Standard*

The Sixth Amendment provides that "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial."[30] The Speedy Trial Act requires that trial must commence within 70 days of the filing of the indictment or the date the defendant first appeared before a judicial officer of the court in which such charge is pending, whichever is later.[31]

*C. Discussion*

As a threshold matter, Federal preemption does not apply here, nor was this case removed from state court to federal court. "Multiple prosecutions are permissible when they are carried out by separate sovereigns."[32] The federal government and state governments are separate sovereigns, so a federal prosecution may follow a state prosecution for the same conduct.[33] Although the same

---

[23] *Id.*
[24] *Id.* (citing *United States v. Myers*, 930 F.3d 1113, 1118–19 (9th Cir. 2019)).
[25] *Id.* at 4–5.
[26] *Id.* at 5–6.
[27] Dkt. 48.
[28] *Id.* at 3–4 (citing *Dillingham v. United States* 423 U.S. 64 (1975)).
[29] *Id.* at 6, 9. Romero did not raise this issue or request an evidentiary hearing in his Motion to Dismiss at Docket 11. This issue is outside the scope of the R&R.
[30] U.S. Const. amend VI.
[31] 18 U.S.C. §3161(c)(1).
[32] *United States v. Enas*, 255 F.3d 662, 665–66 (9th Cir. 2001).
[33] *United States v. Lanza*, 260 U.S. 377, 382 (1922) ("We have here two sovereignties, deribing [sic] power from different sources, capable of dealing with the same subject matter within the same territory. . . . Each government in determining what shall be an offense against its peace and dignity

underlying conduct led to prosecution both by the state government and by the federal government, each prosecuted under their separate sovereign authority. The cases Romero cites on this topic are inapplicable.[34] Although the two prohibit similar conduct, the state statute Romero was charged under is not preempted by statutes that gave rise to his federal charges.

1. Sixth Amendment

The Sixth Amendment right to speedy trial "attaches when a criminal proceeding is initiated, including when the defendant is indicted."[35] In determining whether the constitutional right to speedy trial is violated, the Supreme Court adopted a balancing test in *Barker v. Wingo*.[36] Courts must weigh four factors: "[l]ength of delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant."[37] The first factor—length of delay—is a threshold issue.[38] The defendant "must show that the period between indictment and trial passes a threshold point of presumptively prejudicial delay, and if he does we proceed to the other *Barker* factors."[39] There is not brightline rule for what constitute "presumptively prejudicial delay," but "courts generally have found that delays approaching one year are presumptively prejudicial," and within the Ninth Circuit a sixth-month delay presents a "borderline case."[40] For purposes of the first

---

is exercising its own sovereignty, not that of the other. . . . It follows that an act denounced as a crime by both national and state sovereignties is an offense against the peace and dignity of both and may be punished by each.")

[34] In *Dillingham v. United States*, the Supreme Court held that a 22-month period between arrest and indictment should count toward defendant's speedy trial clock because the Government "constituted [defendant] an 'accused' when it arrested him and thereby commenced its prosecution of him." 423 U.S. 64, 65 (1975). That is not the case here. State, not federal, authorities arrested Romero in June 2024. His federal arrest warrant was executed on November 26, 2024, six days *after* his federal indictment. Dkt 2, 7. *Whidbee v. Peirce County* held that "removal to federal court cannot extend or revive a state statute of limitations that expired prior to removal" in a civil case. 857 F.3d 1019, 1024 (9th Cir. 2017). However, this is a criminal case, it was not removed to federal court, nor does the prosecution here rely on a state law cause of action. The federal prosecution of Romero is distinct from the State of Alaska's prosecution of him for the same conduct. Additionally, *Garmon Preemption,* which prevents state and local governments from enacting laws that conflict with certain federal labor laws, does not apply in a federal criminal case. *See San Diego Bldg. Trades Council, Millmen's Union, Loc. 2020 v. Garmon*, 359 U.S. 236, 241–42 (1959). Likewise, *Bruen* addresses the constitutionality of laws arising under the Second Amendment, not to bail regulation as Romero asserts. *See generally New York State Rifle & Pistol Ass'n, Inc. v. Bruen,* 597 U.S. 1 (2022).
[35] *Myers*, 930 F.3d at 1118–19 (9th Cir. 2019) (citing *United States v. Mills*, 810 F.2d 907, 909 (9th Cir. 1987)).
[36] *Barker v. Wingo*, 407 U.S. 514, 530 (1972); *see also Myers*, 930 F.3d at 1119 (9th Cir. 2019).
[37] *Barker*, 407 U.S. at 530.
[38] *United States v. Gregory*, 322 F.3d 1157, 1161 (9th Cir. 2003).
[39] *Id.* (quoting *United States v. Beamon*, 992 F.2d 1009, 1012 (9th Cir.1993)) (internal quotation marks removed).
[40] *Id.* at 1161–62 & n.3.

4

factor, length of time is measured from the date of federal accusation, even if preceded by a state arrest that ultimately founded the federal indictment.[41]

Romero has been in federal custody for less than one month.[42] By the time of his trial, scheduled to begin on January 13, 2024, he will have been in federal custody for less than two months. Although the Court notes this is not an insignificant amount of time to Romero, it does not approach the threshold for a presumptively prejudicial delay. Although Romero points to his time spent in state custody for the same conduct that ultimately led to his federal indictment,[43] his federal right to speedy trial did not attach until he was taken into federal custody. Romero has not shown that two months in federal custody preceding trial constitutes "presumptively prejudicial delay."

    2. <u>Speedy Trial Act</u>

The Speedy Trial Act requires that trial commence within 70 days "from the filing date . . . of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs."[44] Romero was arraigned on November 26, 2024. Between arraignment and the beginning of trial, he will have been in federal confinement for 48 days. The Court does not find a Speedy Trial Act violation.

### D. Conclusion

Upon review, the Court agrees with the Magistrate Judge's conclusion that the Motion should be denied without prejudice. Accordingly, the Court **ACCEPTS AND ADOPTS** the R&R at Docket 43 and **DENIES WITHOUT PREJUDICE** the Motion at Docket 11.

Entered at the direction of the Honorable Timothy M. Burgess, United States District Judge.

DATE: December 23, 2024.

---

[41] *See United States v. Valentine*, 783 F.2d 1413, 1417 (9th Cir. 1986) ("Though arrested *by State officers* on April 1, 1983[,] for acts that would ultimately found a federal indictment against him, Valentine was not accused by federal authorities until the return of his indictment on April 3, 1984.").
[42] Dkt. 7.
[43] Dkt. 48 at 8–9.
[44] 18 U.S.C. 3161(c)(1).