IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                      Plaintiff,<br><br>        v.<br><br>GEORGE MOISES ROMERO, JR.,<br><br>                      Defendant. | Case No. 4:24-cr-00019-TMB-SAO<br><br><br>ORDER ON GOVERNMENT'S<br>MOTION *IN LIMINE*<br>(DKT. 55) |

## I.    INTRODUCTION

The matter comes before the Court on Plaintiff United States of America's Motion *in Limine* (the "Motion").[1] Defendant George Moises Romero, Jr. did not file a response.[2] For the following reasons, the Government's Motion at Docket 55 is **GRANTED in part and DENIED in part**.

## II.    BACKGROUND

On November 20, 2024, Romero was indicted on one count of being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8) and one count of being a violent felon in possession body armor in violation of 18 U.S.C. §§ 931(a)(1) and 924(a)(7).[3] Trial by Jury is set to begin on January 13, 2025.[4]

In the Motion, the Government asks the Court to preclude Romero (1) from offering incorrect interpretations of law during any stage of trial, (2) presenting irrelevant evidence at trial, (3) instructing the jury on jury nullification, and (4) testifying from the podium at impermissible

---

[1] Dkt. 55 (Government's Motion *in Limine*).
[2] Dkt. (absence).
[3] Dkt. 2 (Indictment).
[4] Dkt. 27 (Minute Entry for Proceedings on December 5, 2024).

1

times.[5] The Government also makes a prospective argument that the Court need not grant a continuance should Romero seek one "on the eve of trial."[6] However, the Court notes that Romero has made no such motion.[7]

## III.     LEGAL STANDARD

### A. Motions in Limine

"A motion *in limine* is a procedural device to obtain an early and preliminary ruling on the admissibility of evidence"[8] and may be used to request evidence be either excluded or admitted before trial.[9] Motions *in limine* are appropriate when the "mere mention of evidence during trial would be highly prejudicial."[10] "*[I]n limine* rulings are not binding on the trial judge, and the judge may always change his mind during the course of a trial."[11]

Motions *in limine* "should not be used to resolve factual issues or weigh evidence."[12] A court's rulings on motions *in limine* are provisional and may be reconsidered during the course of trial.[13] A denial of a motion *in limine* merely means that the court is unable to determine whether

---

[5] Dkt. 55 at 2–8.

[6] *Id.* at 6.

[7] *See* Docket (absence).

[8] *Barnard v. Las Vegas Metro. Police Dep't*, No. 2:03-cv-01524-RCJ-LRL, 2011 WL 221710, at *1 (D. Nev. Jan. 21, 2011); *Rsch. Corp. Techs., Inc. v. Microsoft Corp.*, No. CV-01-658-TUC-RCJ, 2009 WL 2971755, at *1 (D. Ariz. Aug. 19, 2009).

[9] *See* Fed. R. Evid. 103; *United States v. Williams*, 939 F.2d 721, 723 (9th Cir. 1991) (affirming district court's ruling *in limine* that prosecution could admit impeachment evidence under Federal Rule of Evidence 609).

[10] *Barnard*, 2011 WL 221710, at *1 (quoting *Black's Law Dictionary* 1109 (9th ed. 2009)); *Rsch. Corp. Techs.*, 2009 WL 2971755, at *1 (similar).

[11] *Ohler v. United States*, 529 U.S. 753, 758, n.3 (2000).

[12] *Barnard*, 2011 WL 221710, at *1 (citations omitted); *BNSF Ry. Co. v. Quad City Testing Lab., Inc.*, No. CV-07-170-BLG-RFC, 2010 WL 4534406, at *1 (D. Mont. Oct. 28, 2010) (citations omitted); *Research Corp.*, 2009 WL 2971755, at *1 (citations omitted).

[13]  *Barnard*, 2011 WL 221710, at *2 (citing, *inter alia*, *Ohler v. United States*, 529 U.S. 753, 758 n.3 (2000)); *Research Corp.*, 2009 WL 2971755, at *2 (same).

the evidence should be excluded outside of the context of trial.[14] Otherwise, "evidentiary rulings should be deferred until trial so that questions of foundation, relevancy and potential prejudice may be resolved in proper context."[15]

## IV.    ANALYSIS

### A.  *Romero May Not Offer His Own Legal Interpretations Before the Jury.*

The Government requests the Court instruct Romero that he may not offer his own legal interpretations, including on the Constitution and criminal statutes, to the jury.[16] It argues that it is the Court's role to instruct the jurors on the law, and it is the jury's role in turn to decide facts.[17] The Government believes Romero will attempt to argue that evidence in this case was obtained in violation of his Fourth Amendment rights and that 18 U.S.C. § 922(g)(1), felon in possession of a firearm, is unconstitutional.

"Jurors are required to apply the law as it is explained to them in the instructions they are given by the trial judge."[18] "[T]he law is given to the jury by the court and not introduced as evidence. It is the function of the jury to determine the facts from the evidence and apply the law as given by the court to the facts as found by them from the evidence."[19] The proper avenue to challenge the constitutionality of a prosecution is in a pretrial motion.[20] At trial, the Court will provide the jury with the applicable law in the form of jury instructions. Romero may not offer his own interpretation of the law to the jury.

---

[14]  *Barnard*, 2011 WL 221710, at *2; *BNSF*, 2010 WL 4534406, at *1; *Research Corp.*, 2009 WL 2971755, at *2.

[15] *Barnard*, 2011 WL 221710, at *1 (citations omitted); *BNSF*, 2010 WL 4534406, at *1 (citations omitted); *Rsch. Corp. Techs.*, 2009 WL 2971755, at *1 (citations omitted).

[16] Dkt. 55 at 2.

[17] *Id.* at 2–3.

[18] *United States v. Escobar de Bright*, 742 F.2d 1196, 1201 (9th Cir. 1984).

[19] *Cooley v. United States*, 501 F.2d 1249, 1253–54 (9th Cir. 1974).

[20] Fed. R. Crim. P. 12(b)(3).

1. <u>Romero is precluded from arguing that evidence in this case was obtained in violation of his Fourth Amendment rights.</u>

A motion for suppression of evidence must be made before trial.[21] In a motion to suppress evidence, the defendant has the burden of proof.[22] The proponent of a motion to suppress must assert that "his own Fourth Amendment rights were violated by the challenged search or seizure."[23] Although Romero initially challenged the constitutionality of the search and seizure related to his arrest, that motion was denied without prejudice on the basis that Romero had not alleged "sufficiently definite, clear, and specific" facts.[24] As discovery was not yet complete, the Court informed Romero of the inadequacies in his motion and informed him that he "may file a renewed motion to suppress if he so chooses."[25] Romero did not do so.[26] Because Romero has failed to properly bring this issue before the Court, he cannot bring it before the jury at trial.[27]

2. <u>Romero is precluded from arguing 18 U.S.C. § 922(g)(1), felon in possession of a firearm, is unconstitutional.</u>

Although Romero has not filed a motion to dismiss based on the constitutionality of 18 U.S.C. § 922(g), the Court acknowledges that Romero has raised concerns over the constitutionality of the statute in at least one past filing.[28] [29] Although Romero previously requested the Court "not consider the constitutionality of 18 U.S.C. § 922" while considering his

---

[21] Fed. R. Crim. Pro. 12(b)(3)(C).
[22] *United States v. Caymen*, 404 F.3d 1196, 1199 (9th Cir. 2005).
[23] *Id.*
[24] Dkt. 32 (Motion to Suppress); Dkt. 38 (Order Denying Without Prejudice Defense Motion to Suppress Evidence) at 2.
[25] Dkt. 38 at 2.
[26] Dkt. (absence).
[27] Fed. R. Crim. Pro. 12(b)(3)(C).
[28] Dkt. 48 (Written Objection to Report and Recommendation) at 7.
[29] *Bernhardt v. Los Angeles Cnty.*, 339 F.3d 920, 925 (9th Cir. 2003).

Speedy Trial issue, he appears to argue that under *United States v. Duarte*, his Second Amendment rights should not have been limited because his offense was "non-violent".[30]

In *United States v. Duarte*, the Ninth Circuit initially disallowed application of 18 U.S.C. § 922(g) to an individual who committed a *nonviolent* felony.[31] That decision was later reheard *en banc* and vacated.[32] The earlier Ninth Circuit decision in *United States v. Vongxay* upheld the constitutionality of 18 U.S.C. § 922(g) as it restricts the right of felons to possess firearms.[33] Not only was Romero found guilty of a felony, he was convicted of a *violent* felony.[34] Thus, the now vacated decision in *Duarte* never had any material relevance to Romero and 18 U.S.C. § 922(g) is constitutional as applied to him.

Therefore, the Court grants the Government's request to preclude Romero from making legal arguments to the jury that evidence in this case was obtained in violation of his Fourth Amendment rights and that 18 U.S.C. § 922(g)(1), felon in possession of a firearm, is unconstitutional.

### B. *Romero May Not Present Irrelevant Evidence at Trial.*

In its Motion, the Government expresses concern that Romero may attempt to present irrelevant or inadmissible evidence to the jury, especially related to the constitutionality of the search conducted in connection to his arrest for the charged conduct and the constitutionality of 18 U.S.C. § 922(g).[35]

---

[30] Dkt. 48 at 7, 9.
[31] 101 F.4th 657, 688 (9th Cir. 2024).
[32] *United States v. Duarte*, 108 F.4th 786 (9th Cir. 2024).
[33] 594 F.3d 1111, 1117–18 (9th Cir. 2010).
[34] Dkt. 8 (Pretrial Services Report) at 4.
[35] Dkt. 55 at 5.

The relevance and admissibility of evidence at trial is governed in part by Rules 401, 402, and 403. Evidence is relevant under Rule 401 if it has "any tendency to make a material fact more or less probable" and if it is "of consequence in determining the action."[36] Rule 402 provides that relevant evidence is admissible unless otherwise excluded by the evidentiary rules, a federal statute, or the Constitution; irrelevant evidence is not admissible.[37] Under Rule 403, relevant evidence may be excluded if its probative value is substantially outweighed by the danger of "unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."[38]

Evidence of a legal interpretation is not relevant because it does not tend to make a material *fact* of the charged offense more or less probable. As discussed above, it is the role of the court to instruct the jury on the law and it is the role of the jury to determine the facts and apply the law as given by the court.[39] As it is not the role of the parties to instruct the jury on relevant law, evidence introduced to support a party's legal interpretation risks misleading the jury. Therefore, any evidence offered in support of Romero's *interpretation* of the law is not relevant and will be inadmissible at trial.

To the extent the Government requests the Court prohibit Romero from introducing any other irrelevant evidence, the Court denies this request without prejudice. Without specific

---

[36] Fed. R. Evid. 401.
[37] Fed. R. Evid. 402.
[38] Fed. R. Evid. 403.
[39] *Supra* at 3.

evidence before it, the Court cannot determine whether that evidence is relevant. Both parties will have the opportunity to object to the admission of specific evidence at trial.

### C. *Romero May Not Instruct the Jury on Jury Nullification.*

The Government next requests the Court order Romero "to refrain from mentioning or otherwise raising the issue of nullification in front of the jury at trial."[40] Jury nullification is "[a] jury's knowing and deliberate rejection of the evidence or refusal to apply the law."[41] In the Ninth Circuit, parties are not entitled to an instruction on jury nullification.[42] Even if Romero disagrees with the constitutionality of the law under which he was charged, it is the role of the Court to instruct the jury on the law. Romero may not instruct the jury on jury nullification.

### D. *Romero May Not Testify at Impermissible Times.*

The Government expresses concern that Romero may seek to testify from the podium at impermissible times rather testifying as a witness subject to cross-examination. Romero has a right to testify on his own behalf.[43] If he wishes to avail himself of this right, he must do so as a witness and be subject to potential cross-examination.[44] If Romero seeks to testify at impermissible times, the Court will instruct him on the proper invocation of his constitutional right to testify.

---

[40] Dkt. 55 at 6.
[41] *Jury Nullification*, *Black's Law Dictionary* (12th ed. 2024).
[42] *United States v. Powell*, 955 F.2d 1206, 1213 (9th Cir. 1991) (holding district court did not abuse its discretion in refusing to give a jury nullification instruction).
[43] *Rock v. Arkansas*, 483 U.S. 44, 51 (1987) ("The right to testify on one's own behalf at a criminal trial has sources in several provisions of the Constitution.").
[44] *Williams v. Borg*, 139 F.3d 737 (9th Cir. 1998) ("The Constitution does not give a defendant a right to testify without subjecting himself to cross-examination which might tend to incriminate him.").

## V. CONCLUSION

For the foregoing reasons, the Government's Motion *in Limine* at Docket 55 is **GRANTED in part and DENIED in part as follows:**

- The Court **GRANTS** the Government's Motion to preclude Romero from offering his own interpretations of law before the jury;
- The Court **GRANTS** the Government's Motion to preclude Romero from presenting irrelevant or inadmissible evidence only as it is related to Romero's interpretation of the law;
- The Court **DENIES WITHOUT PREJUDICE** the Government's motion as it pertains to other evidence Romero may seek to introduce, as the Court has not yet been presented with such evidence by either party;
- The Court **GRANTS** the Government's Motion to preclude Romero from instructing the jury on jury nullification;
- The Court **DENIES WITHOUT PREJUDICE** the Government's request that Romero be prohibited from testifying at impermissible times. While testifying when not subject to cross-examination is impermissible, the Court acknowledges that Romero has not engaged in such conduct; and
- To the extent the Government argues on the appropriateness of granting a continuance shortly before trial,[45] no party has made such a motion before the Court, the issue is not ripe, and for that reason the Court **DENIES WITHOUT PREJUDICE** the Government's request regarding any potential motions for continuance.

IT IS SO ORDERED.

Dated at Anchorage, Alaska, this 8th January, 2025.

/s/___*Timothy M. Burgess*_____
TIMOTHY M. BURGESS
UNITED STATES DISTRICT JUDGE

---

[45] Dkt. 55 at 6–7.