IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>GEORGE MOISES ROMERO, JR.,<br><br>Defendant. | Case No. 4:24-cr-00019-TMB<br><br>**FINDINGS OF FACT AND LAW REGARDING ORAL MOTION FOR EFFECTIVE ASSISTANCE OF COUNSEL OR SELF-REPRESENTATION & EXTENSION OF TIME** |

Before the Court, at Docket 186, is a request by the parties that the Court enter written findings of fact and law regarding Defendant's March 24, 2025, *pro se* oral request for self-representation.[1] Previously, after a sealed hearing on the matter, the Court orally denied Defendant's *pro se* motion. The Court sets forth below its written findings of fact and law regarding the *pro se* motion, as requested by the parties.

By way of background, this matter was assigned to Judge Burgess on December 5, 2024, with trial by jury set for January 13, 2025. On the eve of trial, and at the Final Pretrial Conference, Defendant requested that his *pro se* status, which he had previously requested,[2] be withdrawn and that counsel be appointed to represent him at

---

[1] The request was reduced to writing by Defendant and docketed as part of the minutes. Docket 182 (*ex parte*).
[2] On November 26, 2024, during his arraignment, Defendant made an oral motion to proceed *pro se*, with standby counsel appointed by the Federal Public Defender's office. Docket 9.

trial.³ Judge Burgess granted the request and appointed attorney Gary Colbath, who previously had been stand-by counsel, to represent Defendant. This required that the trial be continued, and the matter was set for trial to begin March 31, 2025.

After his appointment, attorney Colbath began to work zealously on the case and filed numerous matters with the Court including, among other things, motions *in limine*, bail requests, proposed jury instructions, and a pretrial memorandum, and the matter was well underway for trial. However, things changed at the conclusion of the Final Pretrial Conference on March 24, 2025, when, after trial matters were thoroughly discussed and resolved, Defendant unexpectedly requested that attorney Colbath be discharged and that Defendant be permitted to represent himself at trial or receive "effective" representation of counsel. To avoid any prejudice, Judge Burgess asked the undersigned to address this motion at a hearing set for just over an hour later, at 1:30 p.m.

A defendant's "motion to proceed *pro se* is timely if made before the jury is empaneled, *unless it is shown to be tactic to secure delay*."⁴ In so determining, the Court "may consider events preceding a motion for self-representation to determine whether the request is made in good faith or merely for delay.⁵ In the roughly one hour the Court had to prepare, the undersigned was able to review the docket in detail and noted the litigious nature of proceedings to date. The Court already was aware that Defendant had earlier

---

³ Docket 103 (text entry).
⁴ *Fritz v. Spalding*, 682 F.2d 782, 784 (9th Cir. 1982) (emphasis added).
⁵ *United States v. Flewitt*, 874 F.2d 669, 675 (9th Cir. 1989) (citing *Fritz*, 682 F.2d at 784).

*United States v. Romero*  Case No. 4:24-cr-00019-TMB
Findings of Fact and Law  Page 2
Case 4:24-cr-00019-TMB-SAO   Document 228   Filed 04/14/25   Page 2 of 5

received a continuance of his trial due to a last-minute request for a change in his representation status.

At the hearing, Defendant presented the Court with a handwritten motion somewhat clarifying his request. Defendant sought "effective" assistance of counsel, co-counsel or self-representation, and a further extension of time to prepare for trial. After considerable discussion with Defendant, the Court commented that Defendant already had "effective" assistance of counsel, noting all that attorney Colbath had done on Defendant's behalf in preparing for trial and citing attorney Colbath's well-earned reputation as an exceptionally effective defense attorney.[6] The Court concluded that Defendant's argument to the contrary was frivolous and without merit. The Court further concluded that, given what had occurred in the past, Defendant's last-minute request for a change in representation status was manipulative in that it continually led to delay.

Moreover, the Court concluded that a review of the file, as well as Defendant's current arguments, indicated that Defendant would never be "happy," to which Defendant responded that he was happy. A better word would have been "satisfied," for it had become apparent to the Court that nothing the Court could do, short of dismissing the charges, would satisfy Defendant.

---

[6] As this Court indicated on the record, defense counsel is consistently one of the most effective defense attorneys to appear before the undersigned. A review of the record revealed that he far exceeded the minimal competency to which a defendant is entitled. Despite Defendant's complaint that his counsel was not being "effective," the vast majority of Defendant's examples of ineffectiveness were unrelated to Mr. Colbath's skills as an attorney, including issues with access to his own legal papers, resources available to the public defender's office that Defendant deemed "inadequate," and a difference of opinion with counsel regarding trial strategy.

*United States v. Romero*  Case No. 4:24-cr-00019-TMB
Findings of Fact and Law  Page 3
Case 4:24-cr-00019-TMB-SAO   Document 228   Filed 04/14/25   Page 3 of 5

It also must be noted that Defendant's request was extremely equivocal. In his comments to the Court, he sought either "effective" assistance of counsel (which he had) or self-representation (which he previously had), as well as an indefinite period of time to prepare for trial (which already had been delayed at Defendant's request). "Where the defendant's 'pre-trial conduct ha[s] already caused substantial delay, a showing that his motion [to represent himself] included a request for a continuance would be strong evidence of a purpose to delay.'"[7]

Adding to the confusion, Defendant indicated that if the motion was not granted, he wished to proceed to trial *earlier* and begin trial the upcoming Saturday, March 28, 2025, his father's birthday. In this regard, the Court noted that the criminal justice delivery system "wasn't a game," and that a review of the docket indicated that Defendant was intelligent and well-versed in the law. It therefore was clear to the Court that Defendant understood that his continued last-moment efforts to change his status was motivated by his desire to obstruct and delay the proceedings and was not made in good faith.

The law regarding this matter is clear. A "request for self-representation need not be granted if it is intended merely as a tactic for delay."[8] For the reasons discussed herein, the Court found that Defendant's last-minute effort to change representation status

---

[7] United States v. Telles, 18 F.4th 290, 302 (9th Cir. 2021) (citing *Fritz*, 682 F.2d at 784).
[8] *Flewitt*, 874 F.2d at 674 (citing United States v. Smith, 780 F.2d 810, 812 (9th Cir. 1986)); Armant v. Marquez, 772 F.2d 552, 555 (9th Cir. 1985).

*United States v. Romero*      Case No. 4:24-cr-00019-TMB
Findings of Fact and Law      Page 4
Case 4:24-cr-00019-TMB-SAO    Document 228    Filed 04/14/25    Page 4 of 5

was not in good faith and clearly was manipulative and made in an effort to delay. Therefore, the Court denied the motion and the trial proceeded as scheduled.

        IT IS SO ORDERED this 14th day of April, 2025, at Anchorage, Alaska.

                                                    */s/ Ralph R. Beistline*
                                                    RALPH R. BEISTLINE
                                          Senior United States District Judge

*United States v. Romero*                                                                                        Case No. 4:24-cr-00019-TMB
Findings of Fact and Law                                                                                                                  Page 5
Case 4:24-cr-00019-TMB-SAO    Document 228    Filed 04/14/25    Page 5 of 5