## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ALASKA

*United States v. George Moises Romero, Jr.*
Case No. 4:24-cr-00019-TMB-SAO

By:             THE HONORABLE TIMOTHY M. BURGESS

PROCEEDINGS:    ORDER FROM CHAMBERS

This matter comes before the Court on Defendant George Moises Romero's Motion for Return of Property (the "Motion") at Docket 252.[1] Romero seeks return of firearms pursuant to the Supreme Court's decision in *Henderson v. United States.*[2] The Government opposes the Motion, arguing that the firearms should not yet be returned because Romero's conviction is not final and Romero has not specified a transferee.[3] For the reasons discussed below, the Motion is **DENIED without prejudice.**

As the Supreme Court explained in *Henderson*, 18 U.S.C. § 922(g) bars felons from possessing firearms but does not bar a felon from transferring the firearm to a firearms dealer or other third party "unless [such transfer] would allow the felon to later control the guns."[4] The statute "prevents a court from ordering the sale or other transfer of a felon's guns to someone willing to give the felon access to them or to accede to the felon's instructions about their future use."[5] A court may not approve a transfer that would leave the felon "in effective control of his guns."[6] Rather, a court may only approve a transfer "if, but only if, that disposition prevents the felon from later exercising control over those weapons, so that he could either use them or tell someone else how to do so."[7]

In his Motion, Romero has not provided the Court with sufficient information as to his proposed transferee. As such, the Court has no way to ensure the transfer would not result in his constructive possession of the firearms in the future. The Court may not approve a transfer that could result in Romero's future control over the firearms, either by using them himself or by telling someone else

---

[1] Dkt. 252 (Motion for Return of Property).
[2] *Id.* (citing 575 U.S. 622 (2015)).
[3] Dkt. 259 (Government's Opposition) at 1–3.
[4] 575 U.S. at 624.
[5] *Id.* at 627.
[6] *Id.*
[7] *Id.* at 630 ("In considering such a motion, the court may properly seek certain assurances: for example, it may ask the proposed transferee to promise to keep the guns away from the felon, and to acknowledge that allowing him to use them would aid and abet a § 922(g) violation.").

1

how to do so.[8] Further, Romero's conviction is not yet final and until it is, the firearms may be necessary evidence of his offense.[9]

Therefore, the Court may not approve the transfer based on the information averred in the Motion and will not approve such a transfer before the time has passed for Romero to appeal or otherwise collaterally attack his judgment or sentence. For the foregoing reasons, the Motion at Docket 252 is **DENIED without prejudice**.

Entered at the direction of the Honorable Timothy M. Burgess, United States District Judge.

DATE: August 12, 2025.

---

[8] *Henderson*, 575 U.S. at 630.
[9] *See United States v. Bailey*, 206 F. App'x 650, 654 (8th Cir. 2006) ("[W]e agree that return of [the defendant's] property, which was evidence of his crime, during the pendency of this appeal would have been premature."). *Cf. United States v. Van Cauwenberghe*, 934 F.2d 1048, 1061 (9th Cir. 1991) ("A defendant's Rule 41(e) motion for return of property, however, may be denied if the defendant is not entitled to lawful possession of the seized property, the property is contraband or subject to forfeiture or the government's need for the property as evidence continues.").