IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

*United States of America v. George Moises Romero, Jr.*
Case No. 4:24-cr-00019-TMB-SAO-1

By:                 THE HONORABLE TIMOTHY M. BURGESS

PROCEEDINGS:     ORDER FROM CHAMBERS

This matter comes before the Court on Defendant George Moises Romero Jr.'s Motion to Dismiss for lack of jurisdiction (the "Motion").[1] The Government responded in opposition.[2] For the reasons discussed below, the Court **DENIES** the Motion at Docket 266.

### A. Background

On November 20, 2024, Romero was indicted on one count of being a Felon in Possession of a Firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8) and one count of being a Violent Felon in Possession of Body Armor in violation of 18 U.S.C. §§ 931(a)(1) and 924(a)(7).[3] At a jury trial held March 31 through April 2, 2025, Romero was convicted on both counts.[4]

Before Romero was indicted in federal court, he was charged and arrested in State of Alaska criminal case 4FA-24-01067CR for being a Felon in Possession of a Firearm in violation of AS § 11.61.200(a)(1).[5] Romero was confined by the State from his arrest in June 2024 until he was arraigned on federal charges.[6] Romero's State prosecution was dismissed.[7]

On August 12, 2025, Romero filed the Motion.[8] He argues that the Court lacks both subject matter and personal jurisdiction.[9] He also asserts that his case involves a complex issue of state law because his possession of firearms is permitted under Alaska law.[10] Citing to *Younger v. Harris*, he argues that the Court "must refrain from interpreting or interfering [with] with state criminal proceedings."[11] The Government responded, arguing that the Court has both personal and subject

---

[1] Dkt. 266 (Defendant's Motion to Dismiss).
[2] Dkt. 271 (Response in Opposition).
[3] Dkt. 2 (Indictment).
[4] Dkts. 223 (Jury Verdict – Phase 1); 224 (Jury Verdict – Phase 2); 225 (Jury Verdict on Forfeiture).
[5] Dkt. 8 (Pretrial Services Report) at 4.
[6] Dkt. 7 (Warrant Returned Executed on November 26, 2024); *see also* Dkt. 8 at 2 (stating Romero has been in federal custody on this matter since November 22, 2024).
[7] Dkt. 251 (Final Presentence Investigation Report) at 18.
[8] Dkt. 266.
[9] *Id.* at 4–6, 15–17.
[10] *Id.* at 6–11, 13–15.
[11] *Id.* at 19–20.

1

matter jurisdiction and that Romero's other arguments are meritless because he is not permitted own a firearm under State law.[12]

### B. Legal Standard

Federal courts are courts of limited jurisdiction.[13] "They possess only that power authorized by Constitution and statute."[14] 18 U.S.C. § 3231 conveys original subject matter jurisdiction to federal district courts over "all offenses against the laws of the United States."[15] A district court has personal jurisdiction over a defendant simply by virtue of the defendant being brought before it and charged with a federal offense.[16] "The personal presence of a defendant before a district court gives that court complete jurisdiction over him, regardless of how his presence was secured."[17]

### C. Discussion

The Court has both personal and subject matter jurisdiction in this case. Romero was indicted and convicted for violations of United States law under 18 U.S.C. §§ 922(g)(1), 924(a)(8), 931(a)(1) and 924(a)(7).[18] As Romero's conduct was an offense against the laws of the United States, the Court has subject matter jurisdiction over the matter. Likewise, the Court has personal jurisdiction over Romero as he was brought before this Court and charged with a federal offense.[19]

The proceedings against Romero by the State of Alaska do not impact this Court's subject matter or personal jurisdiction. Despite Romero's arguments as to the lawfulness of his possession of firearms under state law, it is a violation of federal law that brought Romero before this Court.[20] As the Court has previously explained in its Order at Docket 57, the federal government and state governments are separate sovereigns, and thus a federal prosecution may follow a state prosecution for the same conduct.[21] As Romero is before the Court for a violation of federal law, rather than a violation of state law, the Court does not find that this case involves a complex issue of state law

---

[12] *See generally* Dkt. 271.
[13] *Kokkonen v. Guardian Life Ins. Co.,* 511 U.S. 375, 377 (1994).
[14] *Id.*
[15] *See* 18 U.S.C. § 3231; *see also United States v. Marks*, 530 F.3d 799, 810 (9th Cir. 2008).
[16] *Marks*, 530 F.3d at 810.
[17] *Stamphill v. Johnston*, 136 F.2d 291, 292 (9th Cir. 1943).
[18] Dkts. 2; 223; 224; 225.
[19] *See* Dkt. 2; Dkt. 9 (Minute Entry).
[20] *See* 18 U.S.C. §§ 922(g)(1), 924(a)(8), 931(a)(1) and 924(a)(7). Further Romero's reliance on Alaska Statute 11.61.200 is misguided. AS 11.61.200(a)(1) prohibits a felon from possessing a firearm "capable of being concealed," and subsection (b)(1)(C) creates an exception if "a period of 10 years or more has elapsed between the date of the person's unconditional discharge on the prior offense" unless the prior conviction was from a violation of AS 11.41. Romero's underlying conviction was for a crime against a person under AS 11.41. *See* Dkt. 8 at 4.
[21] *United States v. Lanza*, 260 U.S. 377, 382 (1922) ("We have here two sovereignties, deribing [sic] power from different sources, capable of dealing with the same subject matter within the same territory. . . . Each government in determining what shall be an offense against its peace and dignity is exercising its own sovereignty, not that of the other. . . . It follows that an act denounced as a crime by both national and state sovereignties is an offense against the peace and dignity of both and may be punished by each.")

nor is the State of Alaska felon in possession statute determinative on Romero's conviction for his federal offense.[22]

### D. Conclusion

For the foregoing reasons, the Motion at Docket 266 is **DENIED**.

Entered at the direction of the Honorable Timothy M. Burgess, United States District Judge.

DATE: August 19, 2025.

---

[22] Further, this Court has not sought to enjoin the enforcement of a statute by a state court. Therefore, *Younger v. Harris*, 401 U.S. 37 (1971) does not apply here.