## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ALASKA

*United States v. George Moises Romero, Jr.*
Case No. 4:24-cr-00019-TMB-SAO

By: THE HONORABLE TIMOTHY M. BURGESS

PROCEEDINGS: ORDER FROM CHAMBERS

This matter comes before the Court on Defendant George Moises Romero's Written Objection to the Order at Docket 263 (the "Written Objection").[1] The Court construes the Written Objection as a Motion for Reconsideration under Local Criminal Rule ("Rule") 47.1(g)(1) and did not order the Government to respond. Romero requested oral argument.[2] However, the Court has carefully reviewed the Written Objection and finds that oral argument is not necessary. For the reasons discussed herein, the Court **DENIES** the Written Objection.

Although not expressly authorized by the Federal Rules of Criminal Procedure, "post-judgment motions for reconsideration may be filed in criminal cases."[3] Under Rule 47.1(g)(1), a "court will ordinarily deny a motion for reconsideration absent a showing of one of the following: [A] manifest error of the law or fact; [B] discovery of new material facts not previously available; or [C] intervening change in the law."[4]

Since Romero raises no new material facts not previously available and no intervening change in the law, the Court construes Romero arguments as regarding a "manifest error of the law or fact." Under Rule 47.1(g), such motions must be filed within seven days of the entry of the order.[5] Romero's Written Objection is dated August 21, 2025, which is more than seven days after the Order at Docket 263 was issued.[6] Consequently, the Written Objection is time-barred.

Notwithstanding, even if timely brought, the Written Objection fails on the merits. The Court's Order at Docket 263 denied Romero's request for the return of the firearms seized at the time of Romero's arrest.[7] Because Romero is prohibited from owning firearms, the Court found that it could not order the return of Romero's property unless he identified a third-party who could take possession of the firearms without allowing Romero to later take possession of the firearms.[8]

---

[1] Dkt. 288-1 (Written Objection to Order at Docket 263).
[2] *Id.* at 1.
[3] *United States v. Martin*, 226 F.3d 1042, 1047 n.7 (9th Cir. 2000) (citing *United States v. Clark*, 984 F.2d 31, 33 (2d Cir. 1993)).
[4] L. Crim. R. 47.1(g)(1).
[5] L. Crim. R. 47.1(g)(2)(A).
[6] Dkt. 288-1 at 1.
[7] Dkt. 263 (Order Denying Docket 252) at 1.
[8] *Id.* (citing *United States v. Henderson*, 575 U.S. 622 (2015).

1

Romero does not show how the Court's application of *Henderson v. United States*, 575 U.S. 622 (2015), was in error.[9] Therefore, Romero has not shown a "manifest error of the law or fact" or other basis for reconsideration under Rule 47.1(g)(1).

For the foregoing reasons, the Written Objection at Docket 288 is **DENIED**.

Entered at the direction of the Honorable Timothy M. Burgess, United States District Judge.

DATE: September 9, 2025.

---

[9] *Id.*