# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

*United States of America v. George Moises Romero, Jr.*
Case No. 4:24-cr-00019-TMB-SAO

By:          THE HONORABLE TIMOTHY M. BURGESS

PROCEEDINGS:     ORDER FROM CHAMBERS

This matter comes before the Court on Defendant George Moises Romero, Jr.'s First Written Objections.[1] Romero objects to (1) being transported and held without a pen for three hours from 9 a.m. to 12 p.m. on an unspecified date; (2) the use of full shackles on elderly people over 63 years old; and (3) to being shackled around the ankles "from 9 to" an unspecified time.[2] The Court construes the Written Objections as a Motion and did not order the Government to respond. For the reasons discussed herein, the Court **DENIES** the Written Objections.

While Romero did not specify the dates these events occurred, the Court assumes they occurred while he was held in the custody of the Bureau of Prisons or the United States Marshals Service. Generally, security determinations made outside the courtroom are beyond this Court's discretion.[3] Additionally, Romero lacks standing to challenge the shackling of individuals over 63 years old.[4]

For those reasons, the Court **DENIES** Romero's Written Objections at Docket 280.

Entered at the direction of the Honorable Timothy M. Burgess, United States District Judge.

DATE: September 9, 2025.

---

[1] Dkt. 280 (Written Objections).
[2] *Id.*
[3] *See Rhodes v. Chapman*, 452 U.S. 337, 349 n.14 (1981) ("[A] prison's internal security is peculiarly a matter normally left to the discretion of prison administrators."); 28 U.S.C. § 566(a) ("It is the primary role and mission of the United States Marshals Service to provide for the security . . . of the United States District Courts . . . .").
[4] *See Sprint Commc'ns Co., L.P. v. APCC Servs., Inc.*, 554 U.S. 269, 273–74 (2008) ("And in order to have Article III standing, a plaintiff must adequately establish: (1) an injury in fact (*i.e.,* a 'concrete and particularized' invasion of a 'legally protected interest'); (2) causation (*i.e.,* a 'fairly . . . trace[able]' connection between the alleged injury in fact and the alleged conduct of the defendant); and (3) redressability (*i.e.,* it is 'likely' and not 'merely speculative' that the plaintiff's injury will be remedied by the relief plaintiff seeks in bringing suit)." (quoting *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560–561 (1992) (citation modified))).