IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

*United States v. George Moises Romero, Jr.*
Case No. 4:24-cr-00019-TMB-SAO

By:             THE HONORABLE TIMOTHY M. BURGESS

PROCEEDINGS:    ORDER FROM CHAMBERS

This matter comes before the Court on Defendant George Moises Romero's Written Objection to the Order at Docket 282 (the "Written Objection").[1] The Court construes the Written Objection as a Motion for Reconsideration under Local Criminal Rule ("Rule") 47.1(g)(1) and did not order the Government to respond. Romero requested oral argument.[2] However, the Court has carefully reviewed the Written Objection and finds that oral argument is not necessary. For the reasons discussed herein, the Court **DENIES** the Written Objection.

In his Written Objection, Romero objects to the Court's Order at Docket 282 for three primary reasons.[3] First, he again argues that there was improper collusion between state and federal authorities resulting in a violation of double jeopardy and his right to a speedy trial.[4] Second, Romero asserts the Court improperly determined that his conduct violated federal law.[5] Third, he again challenges the Court's personal and subject matter jurisdiction, citing *United States v. Lopez*, 514 U.S. 549 (1995), and the Religious Land Use and Institutionalized Persons Act (RLUIPA).[6]

Although not expressly authorized by the Federal Rules of Criminal Procedure, "post-judgment motions for reconsideration may be filed in criminal cases."[7] Under Rule 47.1(g)(1), a "court will ordinarily deny a motion for reconsideration absent a showing of one of the following: [A] manifest error of the law or fact; [B] discovery of new material facts not previously available; or [C] intervening change in the law."[8]

Since Romero raises no new material facts not previously available and no intervening change in the law, the Court construes Romero arguments to be asserting "manifest error of the law or fact." Under Rule 47.1(g), such motions must be filed within seven days of the entry of the

---

[1] Dkt. 295-1 (Written Objection to Order at Docket 282).
[2] *Id.* at 4.
[3] *See generally id.*
[4] *Id.* at 1–3.
[5] *Id.* at 2.
[6] *Id.* at 3–4.
[7] *United States v. Martin*, 226 F.3d 1042, 1047 n.7 (9th Cir. 2000) (citing *United States v. Clark*, 984 F.2d 31, 33 (2d Cir. 1993)).
[8] L. Crim. R. 47.1(g)(1).

1

order.[9] Romero's Written Objection is dated August 27, 2025, which is more than seven days after the Order at Docket 282 was issued.[10] Consequently, the Written Objection is time-barred. Even if it was timely brought, the Written Objection fails on the merits.

    A. *Double Jeopardy and the Right to Speedy Trial*

First, as to Romero's argument that there was "collusion" between state and federal authorities, the Court holds there was no violation of double jeopardy or Romero's speedy trial rights. The Sixth Amendment provides that "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial."[11] The Sixth Amendment right to speedy trial "attaches when a criminal proceeding is initiated, including when the defendant is indicted."[12]

In *United States v. Marion*, the Supreme Court held that delay before indictment generally does not violate speedy trial rights.[13] Instead, it is statutes of limitation that guard against delay before indictment.[14] The Court later explained that just as prosecutors must wait to indict until probable cause is established, prosecutors are "under no duty to file charges as soon as probable cause exists but before they are satisfied they will be able to establish the suspect's guilt beyond a reasonable doubt."[15] Likewise, "[f]rom the perspective of law enforcement officials, a requirement of immediate prosecution upon probable cause is equally unacceptable because it could make obtaining proof of guilt beyond a reasonable doubt impossible by causing potentially fruitful sources of information to evaporate before they are fully exploited."[16]

Further, the Government is not required to prosecute even if it has assembled sufficient evidence to prove guilt beyond a reasonable doubt.[17] The decision to prosecute is a "necessarily subjective evaluation."[18] Delay before indictment would be impermissible if it "caused substantial prejudice to appellees' rights to a fair trial" and if it was "an intentional device to gain tactical advantage over the accused."[19] However, investigative delay does not constitute delay to "gain tactical advantage over the accused."[20] Loss of witnesses or of physical evidence could be prejudicial, but

---

[9] L. Crim. R. 47.1(g)(2)(A).
[10] Dkt. 295-1 at 4.
[11] U.S. Const. amend VI.
[12] *United States v. Myers*, 930 F.3d 1113, 1118–19 (9th Cir. 2019) (citing *United States v. Mills*, 810 F.2d 907, 909 (9th Cir. 1987)).
[13] 404 U.S. 307, 321–22 (1971).
[14] *Id.* at 323.
[15] *United States v. Lovasco*, 431 U.S. 783, 791 (1977).
[16] *Id.* at 791–92.
[17] *Id.* at 792–93.
[18] *Id.* at 793.
[19] *Marion,* 404 U.S. at 324.
[20] *Lavasco*, 431 U.S. at 795 (quoting *Marion*, 404 U.S. at 324).

2

it is the defendant's burden to prove that he was prejudiced by such a loss.[21] Proof "must be definite and not speculative."[22]

Romero's right to speedy trial in federal court attached when he was indicted in federal court and transferred to primary federal custody.[23] Here, even if the federal government took possession of all evidence to be used against Romero in June 2024,[24] that does not show that the Government impermissibly delayed before indicting Romero on federal charges. The Government was not required to initiate its prosecution even if it had assembled sufficient evidence to prove guilt beyond a reasonable doubt.[25] Besides pointing to the time he spent in state confinement, Romero has not provided any information tending to show that his right to a fair trial was impacted or that delay was an intentional tactic which caused him actual prejudice.

Romero requests an evidentiary hearing to prove collusion between federal and state authorities.[26] An evidentiary hearing is required "only when the moving papers allege facts with sufficient definiteness, clarity, and specificity to enable the trial court to conclude that contested issues of fact exist."[27] Romero has not shown that any facts exist tending to show that delay prior to his indictment violated his speedy trial right. Therefore, Romero's request for an evidentiary hearing is denied.

Additionally, it is well-established that the Double Jeopardy Clause is not violated by successive state and federal prosecutions.[28] The Supreme Court explained in *United States v. Lanza*:

> We have here two sovereignties, deri[v]ing power from different sources, capable of dealing with the same subject-matter within the same territory. . . . Each government in determining what shall be an offense against its peace and dignity is exercising its own sovereignty, not that of the other.[29]

Here, the Double Jeopardy Clause was not violated when the State of Alaska dismissed its prosecution against Romero and the Government took primary custody and initiated its prosecution against him.

---

[21] *United States v. Mays*, 549 F.2d 670, 678 (9th Cir. 1977).
[22] *Id.* ("The assertion that a missing witness might have been useful does not show the 'actual prejudice' required by [*Marion*.]" (quoting *United States v. Galardi*, 476 F.2d 1072, 1075 (9th Cir.))).
[23] *Myers*, 930 F.3d at 1118–19.
[24] Dkt. 295-1 at 1.
[25] *Lovasco*, 431 U.S. at 792–93.
[26] Dkt. 295-1 at 1–2.
[27] *United States v. Howell*, 231 F.3d 615, 620 (9th Cir. 2000); *see also United States v. Cody*, No. 23-30011, 2024 WL 2795194, at *2 (9th Cir. May 31, 2024) (applying *Howell*'s standard for an evidentiary hearing on a motion to suppress to requests for evidentiary hearings more broadly).
[28] *Bartkus v. Illinois*, 359 U.S. 121, 132–33, (1959); *Abbate v. United States*, 359 U.S. 187, 195 (1959); *United States v. Lanza*, 260 U.S. 377, 382, (1922).
[29] 260 U.S. at 382.

B. *Violation of Federal Law*

Pointing to the Ninth Circuit's decision in *United States v. Duarte*, Romero argues that his conduct did not violate federal law.[30] Romero's argument fails for two reasons. First, although the Ninth Circuit initially held in *United States v. Duarte*, 101 F.4th 657 (9th Cir.), that 18 U.S.C. § 922(g)(1) was unconstitutional as applied to non-violent felons, the Ninth Circuit vacated its previous decision and reheard the matter *en banc*.[31] In its more recent decision, *Duarte*, 137 F.4th 743 (9th Cir. 2025), the Ninth Circuit upheld the constitutionality of § 922(g)(1) as applied to non-violent felons.[32] Second, even if the earlier *Duarte* decision controlled, a subsequent change in the law regarding the constitutionality of applying 18 U.S.C. § 922(g)(1) to non-violent felons is irrelevant to Romero's case. Romero's underlying felony conviction was for murder in the second degree, a crime of violence.[33] Therefore, Romero's possession of firearms was a violation of federal law.

C. *Jurisdiction*

Romero objects to the Court's personal jurisdiction and subject matter jurisdiction, citing *United States v. Lopez* and RLUIPA.[34] In the Order at Docket 282, the Court explained that a district court has personal jurisdiction over a defendant simply by virtue of the defendant being brought before it and charged with a federal offense.[35] As explained above,[36] Romero's federal indictment did not violate his constitutional rights. Romero has not shown that any pre-indictment delay on the part of the Government violated the Due Process Clause.[37]

Likewise, neither *United States v. Lopez* nor RLUIPA divest this Court of subject matter jurisdiction. In *United States v. Lopez,* 514 U.S. 549 (1995), the Supreme Court found a prior version of 18 U.S.C. § 922(q) unconstitutional because it lacked a jurisdictional element placing the statute within Congress's Commerce Clause power.[38] However, § 922(g) does not suffer from that same defect. It prohibits certain enumerated classes of individuals from possessing firearms "in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce."[39] Because § 922(g) includes a necessary jurisdictional element, the Ninth Circuit has upheld the constitutionality of

---

[30] Dkt. 295-1 at 2.
[31] *United States v. Duarte*, 137 F.4th 743 (9th Cir. 2025) (*en banc*).
[32] *Id.* at 748.
[33] Dkt. 2 (Indictment) at 2; *United States v. J.J.*, 704 F.3d 1219, 1222 (9th Cir. 2013) (holding that there is "no question" that "second-degree murder, if committed by an adult, would be a felony crime of violence.").
[34] Dkt. 295-1 at 2–4.
[35] Dkt. 282 at 2; *United States v. Marks*, 530 F.3d 799, 810 (9th Cir. 2008).
[36] *See infra* pp. 2–3.
[37] *See Marion*, 404 U.S. at 325–26 (1971).
[38] *Lopez,* 514 U.S. at 561.
[39] 18 U.S.C. § 922(g).

4

Congress's exercise of its Commerce Clause power in § 922(g).[40] Therefore, the Supreme Court's decision in *Lopez* does not impact the Court's subject matter jurisdiction in this case.

Similarly, RLUIPA does not divest this Court of subject matter jurisdiction. RLUIPA prohibits the imposition of laws that substantially burden the religious exercise of a person residing in or confined to an institution, unless the law (1) is "in furtherance of a compelling governmental interest," and (2) is "the least restrictive means of furthering that compelling governmental interest."[41] Nothing in that statute limits the subject matter jurisdiction of this Court over violations of federal criminal law. As this Court has previously explained, 18 U.S.C. § 3231 conveys original subject matter jurisdiction to federal district courts over "all offenses against the laws of the United States."[42] To the extent that Romero challenged Bureau of Prisons (BOP) policy requiring him to wear a wristband,[43] that is a security measure imposed by BOP and is outside this Court's discretion.[44]

Therefore, Romero has not shown a "manifest error of the law or fact" or other basis for reconsideration under Rule 47.1(g)(1). For the foregoing reasons, the Written Objection at Docket 295 is **DENIED**.

Entered at the direction of the Honorable Timothy M. Burgess, United States District Judge.

DATE: September 9, 2025.

---

[40] *United States v. Davis*, 242 F.3d 1162, 1162 (9th Cir. 2001).
[41] 42 U.S.C. § 2000cc-1.
[42] *See* 18 U.S.C. § 3231; *see also United States v. Marks*, 530 F.3d 799, 810 (9th Cir. 2008).
[43] Dkt. 266 at 23.
[44] *See Rhodes v. Chapman*, 452 U.S. 337, 349 n.14 (1981) ("[A] prison's internal security is peculiarly a matter normally left to the discretion of prison administrators.").