# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

*United States v. George Moises Romero, Jr.*
Case No. 4:24-cr-00019-TMB-SAO

By:             THE HONORABLE TIMOTHY M. BURGESS

PROCEEDINGS:    ORDER FROM CHAMBERS

The matter comes before the Court on Defendant George Moises Romero, Jr.'s Motion for a New Trial (the "Motion").[1] Romero asserts there is newly discovered evidence warranting a new trial and submits the transcript of a phone call between himself and two other individuals: Trooper McAfee and Trooper McAfee's spouse.[2] The United States opposes, arguing that the evidence is neither newly discovered nor material.[3] After filing the Motion, Romero filed a Notice of Appeal to inform the Court he is appealing the final judgment in his case.[4]

Under Federal Rule of Criminal Procedure 33 ("Rule 33"), if an appeal is pending, the district court may not grant a motion for a new trial until after the appellate court remands the case.[5] While Rule 33 prohibits a Court from *granting* the relief requested in a motion for a new trial in a case awaiting appellate review, the Court may otherwise rule on the motion.[6] A party seeking a new trial based on newly discovered evidence must meet the following requirements:

> (1) It must appear from the motion that the evidence relied on is, in fact, newly discovered, i.e., discovered after the trial; (2) the motion must allege facts from which the court may infer diligence on the part of the movant; (3) the evidence relied on must not be merely cumulative or impeaching; (4) must be material to the issues involved; and (5) must be such as, on a new trial, would [p]robably produce an acquittal.[7]

---

[1] Dkt. 333 (Motion for New Trial).
[2] *Id.* at 1; Dkt. 333-1 (Transcript).
[3] Dkt. 337 (Government's Response in Opposition).
[4] Dkt. 343 (Notice of Appeal).
[5] Fed. R. Crim. P. 33(b)(1).
[6] *See id. See also*, *United States v. Frame*, 454 F.2d 1136 (9th Cir. 1972) (". . . Rule 33 permits a district court to entertain and *deny* a motion for a new trial based upon newly discovered evidence without the necessity of a remand."); *United States v. Mendoza*, No. 05CR1550-DMS, 2009 WL 4782657, at *2 (S.D. Cal. Dec. 10, 2009), *aff'd*, 484 F. App'x 101 (9th Cir. 2012).
[7] *United States v. Krasny*, 607 F.2d 840, 843 (9th Cir. 1979) (quoting *United States v. Cervantes*, 542 F.2d 773, 779 (9th Cir. 1976)).

1

In his Motion, Romero fails to satisfy these requirements. Most notably, the evidence is not newly discovered. Romero was a party to the conversation and necessarily knew before trial that it had occurred.[8] Likewise, the Court cannot and does not infer diligence on the part of Romero, as Romero knew of this conversation before trial and chose not to bring the transcript as evidence. The third factor weighs neither for or against Romero as the Court cannot determine whether he wishes to use the transcript for the purpose of impeachment or for another purpose. Additionally, Romero has failed to show its materiality. Trooper McAfee did not sign the parole warrant executed on the day of Romero's arrest,[9] and Romero does not offer any other reason this transcript would impact his trial. Finally, Romero has not shown that a new trial would "probably produce an acquittal;" he merely offers his own conclusory assertion that it would.[10]

Similar to the case *United States v. Griffin*, offered by Romero, the jury had substantial evidence upon which to base its verdict, and the Court can find no possible material effect that the transcript might have on that verdict.[11] For the foregoing reasons, the Court **DENIES** the Motion at Docket 333.

Entered at the direction of the Honorable Timothy M. Burgess, United States District Judge.

DATE: October 10, 2025.

---

[8] *See* Dkt. 333-1.
[9] *See* Dkt. 141-1 (Parole Arrest Warrant).
[10] Dkt. 333 at 1-2.
[11] *See* 434 F.2d 978, 983 (9th Cir. 1970).