IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES,<br><br>        Plaintiff,<br><br>    v.<br><br>GEORGE MOISES ROMERO, JR.,<br><br>        Defendant. | Case No. 4:24-cr-00019-TMB-SAO |

### RULING ON DEFENDANT'S MOTION FOR EXPEDITED BAIL HEARING

Defendant George Moises Romero, Jr., appearing *pro se*, filed a Motion for an Expedited Bail Hearing on September 16, 2025.[1] Government counsel filed an opposition on September 22, 2025.[2] The court received Supplemental Briefing in support of the Motion on September 23, 2025, which had been filed on September 19, 2025.[3] The motion was referred to the undersigned. After consideration of the pleadings, record of the case, and applicable statutes, rules and case law, this court denies Defendant's motion for a bail hearing.

### BACKGROUND

On November 20, 2024, the Government indicted Mr. Romero on two counts: felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(8), and violent felon in possession of body armor in violation of 18 U.S.C. §§ 931(a)(1), 924(a)(7).[4] On

---

[1] Docket 335.

[2] Docket 340.

[3] Docket 342.

[4] Docket 2 at 2-3.

November 26, 2024, Mr. Romero was arraigned on the indictment, pled not guilty, and temporarily detained.[5]

A detention hearing was held on December 5, 2024, where Defendant represented himself with the assistance of stand-by counsel.[6] The court ordered Defendant detained.[7] As the case progressed towards trial Defendant agreed to be represented by counsel on January 13, 2025. Defendant moved for a bail review hearing which was granted and held on February 11, 2025.[8] The court denied Defendant's motion for release.[9]

Defendant appealed the magistrate judge's decision to United States District Judge Timothy Burgess. The honorable Timothy Burgess denied the appeal and ordered continued detention of Defendant.[10] The court found by clear and convincing evidence that Defendant posed a danger to the community and that no condition or combination of conditions would sufficiently mitigate risks presented by release.[11] Defendant further appealed to the Ninth Circuit Court of Appeals who denied Defendant's appeal on March 27, 2025, affirming the findings regarding flight risk and dangerousness.

On April 2, 2025, the third day of his trial by jury, Defendant made an oral motion for release and a bail review hearing to the Honorable Judge Timothy Burgess who denied

---

[5] Docket 9 and 10.

[6] Docket 9, 10, and 27.

[7] Docket 31.

[8] Docket 109-115.

[9] Docket 117.

[10] Docket 136.

[11] Docket 136.

Case No. 4:24-cr-00019-TMB-SAO, *United States v. Romero*
Ruling on Defendant's Motion for an Expedited Bail Hearing (Docket 335)
Page 2 of 9
Case 4:24-cr-00019-TMB-SAO    Document 357    Filed 10/23/25    Page 2 of 9

the motion.[12] Defendant was found guilty of Count 1 Being a Felon in Possession of a Firearm, in violation of 18 U.S.C. § 922(g) and Count 2 Possessing Body Armor in violation of 18 U.S.C. § 931(a)(1). After his trial, on May 2, 2025, Defendant moved for a bail review hearing which was denied by the magistrate judge.

On September 16, 2025, Defendant was sentenced to 120 months imprisonment composite for Counts 1 and 2, three years of supervised release, and a special assessment.

Defendant, appearing *pro se*, filed a Motion for an Expedited Bail Hearing on September 16, 2025.[13] Government counsel filed an opposition on September 22, 2025.[14] The court received Supplemental Briefing in support of the Motion on September 23, 2025, which had been filed on September 19, 2025.[15]

Defendant filed notice of appeal contesting his convictions.[16] Defendant claims that as of September 19, 2025, he has been in confinement for 471 days at Fairbanks Correctional Center.

---

[12] Docket 213.

[13] Docket 335.

[14] Docket 340.

[15] Docket 342.

[16] Docket 343.

Case No. 4:24-cr-00019-TMB-SAO, *United States v. Romero*
Ruling on Defendant's Motion for an Expedited Bail Hearing (Docket 335)
Page 3 of 9
Case 4:24-cr-00019-TMB-SAO    Document 357    Filed 10/23/25    Page 3 of 9

## LAW

Defendant's release is governed by 18 U.S.C. § 3143(b)(1) which heightens the bar of release for a release on conditions.[17] Defendant acknowledges applicability of 18 U.S.C. § 3143(b)(1) in his supplemental materials.[18]

18 U.S.C. § 3143(b)(1) requires:

The judicial officer shall order that a person who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal or a petition for a writ of certiorari, be detained, unless the judicial officer finds –

(A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under 3142(b) or 3142(c) of this title; and

(B) that the appeal is not for the purpose of delay raises a substantial question of law or fact likely to result in --
  (i) reversal,
  (ii) an order for a new trial,
  (iii) a sentence that does not include a term of imprisonment, or
  (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

Relevant case law has interpreted section 3143(b) to impose on a Defendant the burden of showing: He is not likely to flee or pose a danger (by clear and convincing evidence); that the appeal is not for the purpose of delay; the appeal raises a substantial question of law or fact; and that if the question is determined favorably for the Defendant, then reversal, a new trial, a non-prison sentence or a reduced sentence shorter than time served plus the expected length of appeal is likely.[19]

---

[17] 18 U.S.C. § 3143(b)(2) does not apply to Defendant's 2025 convictions.

[18] Docket 342 at 2.

[19] *United States v. Handy*, 761 F.2d 1279 (9th Cir. 1985), citing *United States v. Miller*, 753 F.2d 19 (3rd Cir. 1985).

Case No. 4:24-cr-00019-TMB-SAO, *United States v. Romero*
Ruling on Defendant's Motion for an Expedited Bail Hearing (Docket 335)
Page 4 of 9
         Case 4:24-cr-00019-TMB-SAO    Document 357    Filed 10/23/25    Page 4 of 9

The undersigned has authority to adjudicate Defendant's release or detention as 18 U.S.C. § 3143(b) authorizes a U.S. Magistrate Judge to order detention or release pending appeal of his federal conviction.

## DISCUSSION

Defendant's request fails for multiple reasons.

First, his request as stated is insufficient to satisfy the requirement that his appeal raises a substantial question of law or fact. Defendant argues he "has many great appeal points" in his motion,[20] and asserts his points in his supplemental memorandum.[21] His filing describes the points as "denial of his right to counsel of choice" and "denial of his right to represent himself," but he does not really elaborate further. He just concludes his appellate points are "likely to result in reversal without a showing of prejudice, or an order for a new trial, or a reduced sentence to a term of imprisonment less than the total amount of time already served plus the expected duration of the appeal process."[22]

Defendant's short statement of issues is insufficient for purposes of satisfying the statutory requirements. This provision of the Bail Reform Act of 1984, 18 U.S.C. § 3143(b), "requires an affirmative finding that the chance for reversal is substantial…"[23] so Defendant's identification of two issues he intends to raise and his assurance that those points "are great" is woefully inadequate for the court to make this assessment.[24]

---

[20] Docket 335 at 1.

[21] Docket 342 at 3.

[22] Docket 342 at 3.

[23] *U.S. v. Ashman*, 964 F.2d 596 (7th Cir. 1992) citing *U.S. v. Bilanzich*, 771 F.2d 292 (7th Cir. 1985)

[24] See *U.S. v. Moore,* 849 F.2d 1474 (6th Cir. 1988) where the Sixth Circuit affirmed denial of release where the defendant "reserved development" of the issues on appeal "for his appeal

Case No. 4:24-cr-00019-TMB-SAO, *United States v. Romero*
Ruling on Defendant's Motion for an Expedited Bail Hearing (Docket 335)
Page 5 of 9

Case 4:24-cr-00019-TMB-SAO    Document 357    Filed 10/23/25    Page 5 of 9

Regarding the substance of Defendant's claims, the court has already addressed Defendant's appeal points through reasoned rulings issued at Docket 91 (Ruling denying Defendant's Motion for Right to Assistance of Chosen Counsel at Docket 71) and Docket 228 (Written Findings of Fact and Law supporting oral ruling denying Defendant's oral motion to appear *pro se* made on March 24, 2025). Defendant's submissions at Dockets 335 or 342 do not provide argument or authority to show why these rulings would likely be reversed on appeal.

Further, the Court does not find that Defendant's appeal is likely to result in reversal, a new trial, a sentence that does not include a term of imprisonment, or a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

Defendant's request also fails because he does not carry his burden of showing by clear and convincing evidence that he is not likely to flee or pose a danger to the community if released under 18 U.S.C. § 3142(b) or (c). Instead, Defendant primarily takes issue with the earlier findings of the Magistrate Judge and District Judge regarding his risk of flight, dangerousness and whether conditions would adequately assure his appearance or protect the public.[25] However, these are the same findings, contained in the District Judge's reasoned ruling,[26] which were upheld by the Ninth Circuit Court of Appeals.[27]

---

brief."

[25] Docket 342 at 4.

[26] Docket 136.

[27] Docket 196.

Case No. 4:24-cr-00019-TMB-SAO, *United States v. Romero*
Ruling on Defendant's Motion for an Expedited Bail Hearing (Docket 335)
Page 6 of 9

Case 4:24-cr-00019-TMB-SAO    Document 357    Filed 10/23/25    Page 6 of 9

To support his current motion, Defendant provided multiple affidavits in his supplement at Docket 342. The affidavits document broken equipment at the jail, such as typewriters and computers on multiple occasions, contain statements from individuals who supported his release from confinement before trial, attest to positive aspects of his character, and assert his rights to the bail process. Additional statements of unknown relevancy were also included. Most of these materials are not proper matters for consideration under 18 USC § 3142(g) and so were afforded little, if any, weight. For instance, affidavits documenting broken jail equipment did nothing to rebut this court's earlier findings on dangerousness or flight risk or whether sufficient conditions existed to address the court's concerns. Even items arguably relevant under 18 U.S.C. § 3142(g)(3)(A) such as attestations to Defendant's work habits and performance have little relevance to the issues before the court today as he has now been convicted and sentenced on these charges.

Despite assertions to the contrary, Defendant has been afforded access to the federal bail process as outlined in the facts including multiple hearings where he was repeatedly afforded benefits of the adversarial process. Defendant's detention was addressed at a minimum by the undersigned Magistrate Judge at his arraignment on November 26, 2024 (Docket 9), his Detention Hearing on December 5, 2024 (Docket 28, 35) and a Bail Review Hearing on February 11, 2025 (Docket 117). The multiple hearings reinforced core facts of the court's analysis of the 18 U.S.C. § 3142(g) factors. The Defendant's submitted materials at Dockets 335 and 342 did not undermine this court's earlier findings regarding his dangerousness and flight risk and that, by clear and convincing evidence, no conditions or combination of conditions would sufficiently

Case No. 4:24-cr-00019-TMB-SAO, *United States v. Romero*
Ruling on Defendant's Motion for an Expedited Bail Hearing (Docket 335)
Page 7 of 9
Case 4:24-cr-00019-TMB-SAO    Document 357    Filed 10/23/25    Page 7 of 9

mitigate those risks. These essential findings by the District Court Judge issued in his Order at Docket 136 were reviewed *de novo* by the Ninth Circuit Court of Appeals and upheld.[28]

Finally, it is important to note Defendant's reliance on the Bail Reform Act of 1966 which is significant in light of a key difference between the Bail Reform Act of 1966 and the Bail Reform Act of 1984. While the Bail Reform Act of 1966 *prohibited* consideration of a Defendant's danger to the community, the Bail Reform Act of 1984, which repealed the 1966 Act, *requires* it. Defendant's continued argument that consideration of a Defendant's "dangerousness" was prohibited under the Bail Reform Act of 1966 results from his reliance on the outdated Act. His erroneous reliance can be further seen in his citations to cases preceding the Bail Reform Act of 1984, such as *Harris v. United States*, 404 U.S. 1232 (1971).[29]

Courts are now specifically directed to consider whether a Defendant presents a danger to other persons or the community. Reports prepared by the U.S. Senate at the time of the bill's passage discussed rational for this change in the Bail Reform Act. Senate Report No. 98—225 from 1983 states:

> "Many of the changes in the Bail Reform Act incorporated in this bill reflect the Committee's determination that Federal bail laws must address the alarming problem of crimes committed by persons on release and must give the courts adequate authority to make release decisions that give appropriate recognition to the danger a person may pose to others if released."[30]

---

[28] Docket 196 at 1.

[29] Docket 342-1 at 32.

[30] S. Rep. No. 98-225, at 3 (1983) (Conf. Rep.).

Case No. 4:24-cr-00019-TMB-SAO, *United States v. Romero*
Ruling on Defendant's Motion for an Expedited Bail Hearing (Docket 335)
Page 8 of 9

Case 4:24-cr-00019-TMB-SAO   Document 357   Filed 10/23/25   Page 8 of 9

That same U.S. Senate report in 1983 outlined the public policy rationale enacting the stringent requirements a defendant must show to be released after having been convicted and sentenced. Senate Report 98-225 identified that "release of a criminal defendant into the community after conviction may undermine the deterrent effect of the criminal law."[31] Regardless of the statute's rationale, in applying the Bail Reform Act of 1984, this court does not find Defendant met the required showing under 18 U.S.C. § 3143(b).

## CONCLUSION

For the reasons stated above Mr. Romero's Motion for an Expedited Bail Hearing at Docket 335, supplemented by his materials at Docket 342, is DENIED.

DATED this 23rd day of October, 2025, at Fairbanks, Alaska.

*s/SCOTT A. ORAVEC*
UNITED STATES MAGISTRATE JUDGE
SCOTT ORAVEC

---

[31] S. Rep. No. 98-225, at 26 (1983) (Conf. Rep.).

Case No. 4:24-cr-00019-TMB-SAO, *United States v. Romero*
Ruling on Defendant's Motion for an Expedited Bail Hearing (Docket 335)
Page 9 of 9

Case 4:24-cr-00019-TMB-SAO   Document 357   Filed 10/23/25   Page 9 of 9