# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES,<br><br>                       Plaintiff,<br><br>v.<br><br>GEORGE MOISES ROMERO, JR.,<br><br>                       Defendant. | Case No 4:24-cr-00019-TMB-SAO |

## RULING ON DEFENDANT'S FILINGS AT DOCKETS 442, 450, 451, and 461

At Dockets 442, 450, 451, and 461 Defendant filed identical requests for "motions hearings and adversarial oral arguments regarding various objections, motions and briefs" to address his filings "that have not been ruled on" by the Court. The Court did not order responses to these motions and none were filed. As Defendant's motions did not distinguish between matters before the District Judge or Magistrate Judge this ruling only addresses the applicability of Dockets 442, 450, 451, and 461 to any motions referred to the undersigned Magistrate Judge, not those remaining with the District Judge. After consideration of applicable law, including statutes and case law, Defendant's motions at Dockets 442, 450, 451, and 461 are DENIED WITHOUT PREJUDICE with regard to their applicability to any motions referred to the undersigned Magistrate Judge.

## BACKGROUND

On November 26, 2024, Mr. Romero was arraigned on the indictment, pled not guilty, and was ordered detained. At trial, Defendant was found guilty of Count 1 Being a Felon in Possession of a Firearm, in violation of 18 U.S.C. § 922(g) and Count 2

Possessing Body Armor in violation of 18 U.S.C. § 931(a)(1). Defendant was sentenced on September 16, 2025, to 120 months imprisonment composite for Counts 1 and 2, three years of supervised release, and a special assessment. Judgment in the case was entered on October 29, 2025. Defendant had the assistance of standby counsel in preparation for his sentencing, at the sentencing hearing, and through December 18, 2025.

Notice of Appeal has been filed with the U.S. Court of Appeals for the Ninth Circuit and Defendant has counsel for his appeal. At a hearing on December 18, 2025, this court confirmed that Mr. Romero has appointed counsel representing him for his appeal in the U.S. Court of Appeals for the Ninth Circuit and granted Defendant's request for standby counsel to assist him through March 26, 2026, in the District Court. Since his sentencing, Defendant has filed multiple motions in this case that have been addressed by the undersigned and the District Judge.

Defendant is incarcerated at the Anchorage Correctional Complex. Defendant is in custody of the State of Alaska to address his parole proceedings in the State of Alaska after which time he will come into custody of the Bureau of Prisons to serve his federal sentence.

## DISCUSSION

At Dockets 442, 450, 451, and 460, Defendant moves for a "motions hearing and adversarial oral arguments" regarding any motions and objections he has filed that have "not been ruled on." Given the procedural posture of Defendant's federal criminal case, the Court has discretion whether to grant a live argument or simply decide the matters on

Case No. 4:24-cr-00019-TMB-SAO, *United States v. Romero*
Ruling on Defendant's Filings at Dockets 442, 450, 451, and 461
Page 2 of 5

Case 4:24-cr-00019-TMB-SAO    Document 468    Filed 02/24/26    Page 2 of 5

the pleadings. On the present record, the Court exercises that discretion to deny Defendant's motions without prejudice.

Defendant does not have a right to a live motion hearing or presentation of oral argument before a judge to address motions filed post-judgment in his criminal case. While Defendant has filed numerous civil cases seeking relief, even in those cases, there is no "right" to oral argument, instead such is up to the discretion of the judge.[1] In *habeas* matters in the federal courts the standards of 28 U.S.C. § 2255 lay out stringent standards requiring a hearing.[2] However, motions such as the requests raised by Defendant for a temporary work furlough or access to a public law library were filed in Defendant's *criminal* case. These motions did not require a hearing and one was not necessary to decide the matters.

The purpose of any evidentiary hearings would have been to resolve any contested issues of material fact necessary to decide matters. In the matters considered and ruled on by this court, since Defendant's sentencing, evidentiary hearings have been unnecessary because there have been no contested issues of fact to be resolved. The court has ruled on the matters by simply presuming the truth of the facts proffered by the Defendant for the purposes of deciding the various motions.

While Defendant points to the 5th, 9th, and 14th Amendments of the United States Constitution, the court is not aware of any authority that mandates a live oral argument or "motion hearing" under the circumstances and procedural posture of our case. The court recognizes that under the Due Process Clause prior to adjudication of guilt "the presence

---

[1] See D. AK. Civ. R. 7.1(f).
[2] Rules Governing § 2255 Proceedings, R. 8(a).

Case No. 4:24-cr-00019-TMB-SAO, *United States v. Romero*
Ruling on Defendant's Filings at Dockets 442, 450, 451, and 461
Page 3 of 5

Case 4:24-cr-00019-TMB-SAO    Document 468    Filed 02/24/26    Page 3 of 5

of a defendant is a condition of due process to the extent that a fair and just hearing would be thwarted by his absence, and to that extent only."[3] However, that does not advance Defendant's argument because Defendant has already been sentenced in our criminal case.

The right under the United States Constitution to be present for proceedings in person "only grants to the criminal defendant the right to be present at all stages of the trial where his absence might frustrate the fairness of the proceedings."[4] Such a right does not apply to Defendant's legal issues now being raised by motion in this case because trial and sentencing have already occurred. Regardless, the court considered Defendant's claims and the facts just as Defendant proffered when adjudicating the claims. Proceeding in this fashion was not unfair even though the court did not have hearings on Defendant's motions.

Defendant also cites to the civil case of *FCC v. WJR, Goodwill Station, Inc.* 337 U.S. 265 (1949) in support of his request. However, this is not applicable to Defendant's request in our case because *FCC* was a civil case involving decision of the Federal Communications Commission denying a radio station's application, not a criminal case.

As the court is not aware of any authority that mandates a live oral argument or "motion hearing" in Defendant's case in our court, the undersigned is denying the Defendant's motions at Dockets 441, 450, 451, and 461. This ruling only applies to

---

[3] *United States v. Ehmer*, 87 F.4th 1073, 1096 (9th Cir. 2023).
[4] *United States v. Ehmer*, 87 F.4th 1073, 1097 (9th Cir. 2023) *citing United States v. Sherman*, 821 F.2d 1337, 1339 (9th Cir. 1987). Even *Sherman* points out that Fed. R. Crim. P. 43(a) grants a "categorical right to be present *at every stage of the trial*." *Id.* Fed. R. Crim. P.43(a) does not provide relief for Defendant either given his trial and sentencing have already occurred.

Case No. 4:24-cr-00019-TMB-SAO, *United States v. Romero*
Ruling on Defendant's Filings at Dockets 442, 450, 451, and 461
Page 4 of 5

Case 4:24-cr-00019-TMB-SAO    Document 468    Filed 02/24/26    Page 4 of 5

matters referred to the Magistrate Judge and does not apply to any motions before the District Judge.

## CONCLUSION

For the reasons stated above Defendant's motions at Dockets 442, 450, 451, and 461 are DENIED WITHOUT PREJUDICE as to any motions referred to the undersigned Magistrate Judge. The District Judge may address the motions at Dockets 442, 450, 451, and 461 regarding their impact on any motions pending before the District Judge.

DATED this 24th day of February, 2026, at Fairbanks, Alaska.

/s/SCOTT A. ORAVEC
UNITED STATES MAGISTRATE JUDGE
SCOTT ORAVEC

Case No. 4:24-cr-00019-TMB-SAO, *United States v. Romero*
Ruling on Defendant's Filings at Dockets 442, 450, 451, and 461
Page 5 of 5

Case 4:24-cr-00019-TMB-SAO    Document 468    Filed 02/24/26    Page 5 of 5